CITY OF LAS VEGAS, Appellant, v. YOUNG ELEC-
    TRIC SIGN COMPANY, a Nevada Corporation,
    GULBRANSEN NEON SIGN CO., INC., a Nevada
    Corporation, FEDERAL SIGN AND SIGNAL COR-
    PORATION, a Nevada Corporation and AD ART
    INC., a Nevada Corporation, Respondents.

No. 6551

November 15, 1971                                    490 P.2d 341

*Earl P. Gripentrog,* City Attorney, and *Joan D. Buckley,* Deputy City Attorney, of Las Vegas, for Appellant.

*Paul L. Larsen,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This case concerns validity of appellant's demand that respondents pay two business license fees. Fees are demanded from respondents for being in "[t]he business of furnishing, distributing or placing in use electrical advertising signs, whether by lease, sale or conditional sales contract." Las Vegas City Code § 5–1–10:A8 (1960). Fees are also demanded for being "contractors," i.e. one who "does himself or by or through others, construct, alter or repair, add to, subtract from, improve, move, wreck or demolish any building, highway, road, railroad, excavation, or other structure, project, development or improvement, or to do any part thereof, including the erection of scaffolding or other structures or work in connection therewith."

Las Vegas City Code § 5–1–10:C14 (1960). Appellant's City Code requires separate license fees "for every class and type of business in this Chapter specified, even though several classes or types of business may be operated by the same person at the same place of business." Las Vegas City Code § 5–1–3 (1960).

After a trial, the district court restrained the city from imposing dual fees, holding respondents to be engaged in a "non-diversified self-contained business that can be feasibly carried on only in one business and cannot as now conducted be feasibly divided into two distinct businesses: selling or leasing electrical advertising signs and installing them on the property of the vendee or lessee."

This finding, which is supported by the evidence, determined the case in accordance with the law. Cf. Carson City v. Red Arrow Garage, 47 Nev. 473, 225 P. 487 (1924). As this court has recognized it, the test to determine if two aspects of a business enterprise may be subjected to separate license fees is whether each "could be maintained as a separate business." 47 Nev., at 481.

The court allowed appellant to impose the fee applicable to contractors. No error is claimed in this regard.

Affirmed.